**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Vegas Clay CALDER, Defendant–**
**Appellant.**

No. 13–30335.

United States Court of Appeals,
Ninth Circuit.

Submitted July 6, 2015.*

July 22, 2015.

Paulette Lynn Stewart, Assistant U.S., USHE–Office of the U.S. Attorney, Helena, MT, Leif Johnson, Assistant U.S., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Chad Wright, Hooks & Wright, P.C., Helena, MT, for Defendant–Appellant.

Before: PREGERSON, N.R. SMITH, and OWENS, Circuit Judges.

MEMORANDUM **

Vegas Clay Calder appeals his 100–month sentence for being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1), as enhanced by U.S.S.G. § 2K2.1(a)(4). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for plain error, *United States v. Charles*, 581 F.3d 927, 933 (9th Cir.2009), we affirm.

Calder argues that the district court improperly concluded, without conducting a categorical analysis, that his 2005 Montana conviction for conspiracy to possess with intent to distribute methamphetamine in violation of Mont.Code Ann. §§ 45–4–102 and 45–9–103 was a controlled substance offense under the Sentencing Guidelines ("Guidelines"). We agree with Calder that

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the district court erred by failing to conduct a categorical analysis, but this error did not affect Calder's substantial rights because his prior Montana conviction is a controlled substance offense under ·the Guidelines.

In assessing whether a prior state law conviction qualifies as a controlled substance offense under the Guidelines, we employ the categorical and modified categorical approaches from *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and its progeny to both the underlying drug offense and the conspiracy offense. *See United States v. Gomez–Hernandez,* 680 F.3d 1171, 1174 (9th Cir.2012).

Montana's criminal possession with intent to distribute statute, Mont.Code Ann. § 45–9–103, is a divisible statute and therefore the modified categorical approach may be used. *Ragasa v. Holder,* 752 F.3d 1173, 1176 (9th Cir.2014); *Coronado v. Holder,* 759 F.3d 977, 983–85 (9th Cir.2014); *see also* Montana Criminal Jury Instructions Nos. 9–104, 9–104(a) (jury instructed only as to particular drug at issue). The judicially noticeable document in the record demonstrates that Calder's 2005 Montana conviction involved methamphetamine, which is a controlled substance under both Montana and federal law. Mont.Code Ann. § 50–32–101; 21 U.S.C. § 812.

Montana's conspiracy statute, Mont. Code Ann. § 45–4–102, is an indivisible statute and therefore the categorical approach must be applied. *Descamps v. United States,* —— U.S. ——, 133 S.Ct. 2276, 2285, 186 L.Ed.2d 438 (2013). After surveying state and federal conspiracy statutes, the Model Penal Code, and scholarly commentary, *United States v. Garcia–*

*Santana,* 774 F.3d 528, 534 (9th Cir.2014), we find that Montana's conspiracy statute has the same elements as the generic definition of conspiracy.

Although the district court failed to conduct a categorical analysis, it reached the correct result. Calder's 2005 Montana conviction for conspiracy to possess with intent to distribute methamphetamine in violation of Mont.Code Ann. §§ 45–4–102 and 45–9–103 is a controlled substance offense and therefore warranted the higher base offense level under U.S.S.G. § 2K2.1(a)(4).

**AFFIRMED.**